UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

THE GRAND COQUINA CONDO ASSN, INC.,

    Plaintiff,
v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, THE GRAND COQUINA CONDO ASSN, INC., through the undersigned counsel, and hereby files this Complaint against Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY, and as grounds therefore states as follows:

1. This action under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"), the National Flood Insurance Act of 1968, as amended ("NFIA"), 42 U.S.C. §4001 *et seq.*, and federal common law.

2. This breach of contract action involves breaches of a federal flood insurance policy that Defendant provided to Plaintiff pursuant to NFIA.

3. Pursuant to 42 U.S.C. §4072, this Court has original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4. Pursuant to 28 U.S.C. §1331, this Court has subject matter jurisdiction because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus involves federal questions, including the application

of federal statutes and federal regulations.

5. At all times material hereto, Plaintiff, THE GRAND COQUINA CONDO ASSN, INC., was and is a Florida Not for Profit Corporation with its principal place of business in Florida.

6. At all times material hereto, Defendant was and is a foreign corporation and insurance carrier authorized by the State of Florida to transact insurance and is transacting insurance in Volusia County, Florida.

7. At all times material hereto, Defendant was a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

8. At all times material hereto, the damaged property is located at 3333 Atlantic Avenue, Daytona Beach, Florida 32118, Volusia County, Florida.

9. On or about April 20, 2022, the Defendant issued Policy No. 09 1150318482 12 to Plaintiff, which provided flood coverage to the Plaintiff for the twelve (12) month period commencing April 27, 2022, through April 27, 2023. A true and correct copy of the declaration page is attached hereto as **Exhibit "A."**

10. The intent and purpose of the Insurance Contract is to provide flood insurance coverage, including, but not limited to, coverage for hurricanes, to its named insureds, Plaintiff, for direct physical loss to Plaintiff's property for the twelve (12) month period commencing April 27, 2022.

11. Plaintiff paid the premiums due, and the Insurance Contract was in full force and effect on April 27, 2022.

12. On September 28, 2022, and November 10, 2022, Hurricane Ian and Hurricane Nicole struck South Florida, causing massive flooding throughout Volusia County, Florida and the flooding caused significant structural and other damages and physical changes to the Plaintiff's property.

13. Defendant received timely notice of the losses.

14. Pursuant to 44 C.F.R. §62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Insurance Contract.

15. Pursuant to 44 C.F.R. §62.23(i)(1), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

16. Defendant and its agents requested and were given access and the opportunity to inspect the Insured Property and the reported damage arising from the loss described in paragraph 12 above.

17. Prior to this action, the Defendant denied coverage and/or failed to issue full payment for the loss described in paragraph 12 above pursuant to the terms and coverages available under the Insurance Contract.

18. This is an action relating to Defendant's breach of Contract for its failure to provide the appropriate amount of coverage and properly pay the full amount of insurance proceeds owed to Plaintiff.

19. The venue lies in the Middle District of Florida because, among other things, the subject insurance contract was entered into and provides coverage for the property in Volusia County, Florida. In addition, a substantial part of the events or omissions giving rise to this claim

occurred in and the Insured Property is located within the Middle District of Florida. See U.S.C. §§1391(b) and (c), and 42 U.S.C. §4072.

20. All conditions precedent to the filing of this action have occurred, been waived and/or are excused.

## COUNT I – BREACH OF INSURANCE CONTRACT

21. Plaintiff realleges and reincorporates paragraphs 1 through 20 as if fully stated herein, and further allege as follows:

22. The Insurance Contract sets forth the rights and obligations of Defendant to Plaintiff.

23. On September 28th, 2022, and November 10th, 2022, through the present, Defendant materially breached the Insurance Contract by failing to promptly and fairly adjust Plaintiff's claim, reach an agreement with the Plaintiff on the amount of the covered damages, and pay the full amount of Plaintiff's losses.

24. This failure is contrary to the terms of the Insurance Contract and constitutes a breach of the Contract.

25. The Plaintiff has complied with all policy obligations and conditions precedent to this lawsuit which would entitle the Plaintiff to recover benefits under the Insurance Contract, or such conditions/obligations have been waived.

26. The Plaintiff has been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of Defendant refusing to provide complete coverage and pay the full amount owed under the Insurance Contract.

27.     In the event that Plaintiff prevails in this action, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to section §627.428, §626.9373, §627.70152 and §57.041, of Florida Statutes and/or any other Florida Law.

28.     As a direct and proximate result of Defendant's breach of the Insurance Contract, Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the interests of Plaintiff and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

WHEREFORE, Plaintiff demands judgment for damages for breach of contract against the Defendant, together with costs and such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted this 8th day of December 2023.

**DENNIS KESSLER, PLLC**
*Attorneys for Plaintiff*
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Phone: (813) 607-5111
Fax: (813) 522-6157
Primary: jkessler@dklawfl.com
Secondary: mtellez@dklawfl.com
e-service email address: eservice@dklawfl.com

By: */s/ Joseph R. Kessler*
JOSEPH R. KESSLER, ESQ.
Florida Bar No.: 119232